UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| United States of America<br>Plaintiff,<br>v.<br>Alfredo Mendez<br>Defendant. | CR. No. 05-76S |

**PRETRIAL SCHEDULING ORDER**

Criminal Case

The above matter having been placed on the trial calendar f :r **September, 2005** with empanelment scheduled for **August 31, 2005**, : is hereby ORDERED:

**PLEAS AND PLEA AGREEMENTS:**

1. Absent a showing of good cause:

a. No plea agreements providing for the dismissal : other counts (See Fed. R. Crim. P. 11(c)(1)(A)) will be accept d unless sufficient information is presented to enable the Court o determine what effect such dismissal may have on the applicab e sentencing guideline range and whether the remaining charg s adequately reflect the seriousness of actual offense behavior. S e U.S.S.G. § 6B1.2(a).

b. No pleas will be accepted by the Court during t e one week period preceding impanelment unless they have be n scheduled before that period.

Counsel also are reminded that, under Guidelines § 3E1.1(b)(2), only timely pleas qualify for a three level reduction for acceptance of responsibility.

**PRE-TRIAL MOTIONS:**

2. Any pretrial motions not subject to the deadline for filing motions set forth in the Arraignment and Pretrial Discovery Order must be filed on or before **August 17, 2005.** Responses to any such motions must be filed on or before **August 24, 2005.**

**PRE-TRIAL MEMORANDA:**

3. On or before **August 24, 2005,** all counsel shall submit to the Court the following:

a. An original and one copy of a memorandum containing a brief analysis of the applicable law (including that applicable to any evidentiary issues that counsel anticipate), and a description of any matters that counsel believe ought to be considered by the Court prior to trial;

b. A list of all questions that counsel requests the Court to ask of prospective jurors during voir dire examination

**PROPOSED JURY INSTRUCTIONS:**

4. On or before **August 24, 2005** the government shall submit its proposed jury instructions to the defendants. Prior to impanelment, counsel shall meet and confer for the purpose of discussing any modifications proposed by the defendants and shall make an effort to reach agreement with respect to a joint request for jury instructions. Such meeting shall be initiated by counsel for the defendants.

As soon as possible thereafter (but, in any event, no later

Case 1:05-cr-00076-S-LDA Document 12-1 Filed 07/29/2005 Page 3 of 6

than the date on which trial commences), counsel shall submit the joint request for jury instructions to the Court (jury instructions should also be filed electronically with Chambers), as well as a jury verdict form (with special interrogatories, if any are being requested). If counsel cannot agree upon a complete set of instructions, counsel shall submit the portion on which they have agreed; and, in addition, each party shall submit any supplemental instructions requested by that party and upon which no agreement could be reached.

Each request shall be numbered and shall be set forth on a separate page in order to facilitate possible integration into the Court's charge. Requested instructions that have not been agreed upon shall contain citations to the legal authority for such instruction.

When all parties have rested, or at such earlier time as the Court designates, counsel will be afforded an opportunity to submit supplemental requests for jury instructions with respect to unanticipated issues raised by the evidence presented. Individual requests for supplemental instructions will not be considered unless the requesting party makes a strong showing that, in the exercise of due diligence, it could not have made the request on or before the date on which trial commenced.

Any claim or defense for which no proposed charge is submitted may be deemed waived and failure to object to any proposed charge, as hereinbefore provided, may be deemed a waiver of any objection to such proposed charge.

**ESTIMATE OF TRIAL LENGTH:**

5. On or before **August 17, 2005**, counsel for each party

shall submit to the Court a precise estimate regarding the numb r of days required to present his or her case.

**RECORDED CONVERSATIONS:**

6. On or before **August 17, 2005**, counsel for any party th t proposes to offer a recorded conversation or any portion thereof s evidence shall:

a. Furnish the Court and counsel with a chronological y arranged list showing the date of, participants in, and approxima e playing time of each such recording.

b. Furnish the Court and counsel with transcripts f each such conversation.

In offering recorded conversations, counsel shall edit o t footage that contains no audible discussion or contains irreleva t material so that the jury will not be required to listen f r protracted periods of time to portions of recordings that provi e little or no assistance in determining the pertinent facts. n order to achieve that objective, counsel shall meet and confer, n advance, in an effort to resolve any disputes with respect o editing.

Within seven days after such transcripts have been furnishe , counsel for any party disputing the audibility, completeness, r admissibility of any such recording or the accuracy of su h transcript shall file an objection identifying the recording and/ r transcript or the particular portion to which objection is bei g made as well as the nature of and grounds for the objection. n the case of objections that any portion of a recorded conversati n has been omitted, the party making such objection shall set for h the omitted potion(s) of the recording(s) together with a stateme t

Case 1:05-cr-00076-S-LDA Document 12-1 Filed 07/29/2005 Page 5 of 6

explaining why the omitted portion(s) should be included.

Memoranda in support of objections to the accuracy or completeness of transcripts shall be accompanied by copies of the transcripts objected to on which proposed deletions and corrections are noted.

Any disputes regarding editing and/or the accuracy of transcripts shall be called to the Court's attention promptly.

Failure to comply with the provisions of this paragraph may be considered by the Court as a waiver by the proponent of the right to offer the recorded conversation(s) at issue; or, alternatively, as a waiver of the right to object to admission of the recorded conversation(s) and/or to dispute the accuracy or completeness of the transcript, as the case may be.

**EXHIBIT LISTS:**

7. Before presenting evidence, each party shall submit to the Court a typed or printed list, ~~double spaced,~~ of all exhibits that such party intends to offer. In the case of the government, the exhibits shall be numbered in sequential order (e.g., 1, 2, 3, etc.). In the case of the defendant, the exhibits shall be marked alphabetically (e.g., A, B, C, etc.).

At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

a. Exhibit Number

b. Date

c. A brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibits or its contents (e.g. letter from A to B; photograph of 100 Main Street).

BY ORDER:

Deputy Clerk

ENTER:

William E. Smith
United States District Judge

Date: 7/29/05

**CIVIL CASES:**

**NON JURY**

**CA04-351S** **Standard Fire Ins. Co. V. Gordon**
Contract

**TRIAL NOTICE**

You are hereby notified that the above-captioned jury cases will be empaneled on **WEDNESDAY, AUGUST 31, 2005 a 9:30 a.m.**, before U.S. District Judge William E. Smith. Counsel must be present for empanelment of the jury. After empanelment, counsel must be prepared to begin trial on 24 hours notice, unless otherwise noted. The above cases may or may not be reached for trial in the order listed. It is counsel's responsibility to keep informed of the status of their cases. No change in the status of any case will be accepted unless immediately reported to and approved by Judge Smith prior to jury empanelment. Counsel are directed to review all pretrial orders to assure full compliance. Counsel in criminal cases are reminded that, absent a showing of good cause:

1. No plea agreements will be honored by the Court unless submitted in writing at least one week before empanlement. See Fed. R. Crim. P. 11(e).

2. No pleas will be accepted by the Court during the one week period preceding empanelment unless they have been scheduled before that period.

3. Under Guidelines 3E1.1(b)(2), only timely pleas qualify for a three level reduction for acceptance of responsibility.

Counsel are reminded that all exhibits should be pre-marked as stated in the applicable Pretrial Order and if any court equipment (i.e. overhead projectors; VCR etc.) is needed during the trial, counsel are to give Doreen Bardinelli in the Clerk's Office at least 24 hours notice of

what they need.

All counsel must file a complete copy of their voir dire questions and in civil cases, counsel will also file a brief statement of the facts. These documents are to be filed in the Clerk's Office no later than **August 24, 2005**.

William E. Smith
U.S. District Judge

Date: 7/29/05