**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA )**<br>)<br>**Vs.** )<br>)<br>**ALFREDO MENDEZ** )<br>) | **Docket No.: 05-00076-001** |

## MOTION FOR DOWNWARD DEPARTURE

Now comes the Defendant by and through counsel and moves this Honorable Court for downward departure at sentencing. In support thereof, memorandum is heretofore attached.

Respectfully submitted,
By His Attorney,

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

## CERTIFICATION

I, the undersigned, do hereby certify that on the 16 day of December 2005, I caused to mailed a true copy of the within to Mr. Zechariah, Chafee, Esq., Office of the U.S. Attorney, 50 Kenedy Plaza 8th floor, Providence, RI 02903 and United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **Docket No.: 05-00076-001** |
| | ) | |
| **ALFREDO MENDEZ** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR DOWNWARD DEPARTURE**

On September 26, 2005, Defendant plead guilty to a one-count indictment charging him with Re-entry After Deportation in violation of Title 8, U.S.C., § 1326(a) and (b)(2), a Class C felony. The issue is whether Defendant's unique circumstances will compel the court to depart downward from the Federal Sentencing Guidelines.

Paragraph 22 reflects that Defendant's Total Offense Level is 21 and has a criminal history category of VI, with the guideline ranging from 77-96 months. Pursuant to the plea agreement, the government has agreed to recommend a decrease for acceptance of responsibility and recommend the Court impose a lower term of imprisonment from the guideline range. A copy of the PSR is heretofore attached for the court's convenience. Exhibit 1.

A sentencing court's departure from the guidelines is based on the specific facts of the case. The Sentencing Guidelines do not limit the number of basis a court may use in departing from the Sentencing Guidelines. 18 U.S.C. §3553(b)states, "[If] the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating guidelines that should result in a sentence different from that described," it should depart

from the guidelines. According to *Koon v. United States*,[1] in sentencing, a court should consider every convicted person as an individual. The Sentencing Guidelines are not meant to withdraw all sentencing discretion from the court. *Koon* states, "The severity of the misconduct, its timing, and the disruption it causes" should be considered.

Moreover, *Koon*[2] considers the fact that Petitioners were not violent or dangerous when departing from the guidelines. Mendez's criminal history reflects a series of non-violent or non-dangerous activities. There are no victims in any of his convictions. It is unnecessary to take into consideration the need to protect the public in Mendez's case. Also, although Mendez has been convicted of being in possession of drugs, he has not been involved in using illegal drugs nor alcohol abuse.[3]

Paragraph 7 states that Defendant has previously been deported three times. In all instances, the government has failed to charge him for reentry after deportation. Defendant was arguably unaware of the repercussions of returning each time since the government did not prosecute during prior times for illegal reentry. The government should be held from using those prior occasions as a basis for sentencing (or from charging him altogether?).

Paragraph 37-39 reflects that Defendant is the father of three children who reside in the United States: Kenneth, Kathy, and Karen Mendez. Defendant voluntarily contributes to their support, but is not court-ordered to do so. Furthermore, Defendant's parents reside in the Dominican Republic. His mother is in very poor health because of smoking and has undergone various surgeries on her throat. He has four siblings and many nieces and nephews who all reside in Santo Domingo. Recalling that the demands

---

[1] *Koon v. United State*, 518 U.S. 81, 106 (1996).
[2] *Koon* at 6.
[3] Paragraph 43 of the PSR.

to support his family had always been of the utmost import, Defendant came to the United States in the hopes of contributing to the financial support of his family.[4]

Defendant's criminal history score of VI over-represents his criminal culpability for purposes of sentencing; therefore, defendant is entitled to downward departure. Although he was sentenced to a sentence greater than thirteen months for his drug charges, defendant actually served less than three months for Criminal Case Number P2/93-2881A and about five months for Criminal Case Number P2/92-3027A.[5] Defendant has received no more than 18 months to serve for any conviction. See Alfredo Mendez's Objection to Presentence Report previously filed with the court. He has not been convicted of any violent crimes. There are no victims in any of his convictions. One of defendant's most serious crimes, a drug offense, occurred about eight years ago.

Defendant's most recent contact occurred over five years ago according to the PSR at Paragraph 7. His last physical removal from the United States was on or about July 3, 2001. There is no other criminal history subsequent to the plea of the Obstruction of Justice charge referenced at Paragraph 33. The post-conviction application for said charge is currently pending. Said application may have a further impact on the recommended sentence. See Exhibit 2.

Defendant is also entitled to downward departure because of an utter lack of sophistication based on Defendant's cultural heritage and sociological factors. Although consideration of national origin is specifically prohibited, the concurring opinion in *United States v. Guzman* states, "Because an individual's heritage encompasses a set of

---

[4] Paragraph 44 of the PSR.
[5] Letter from ACI confirming dates.

beliefs and a manner of behavior that exist conceptually and practically quite apart from that individual's **immutable sex, race or national origin** [emphasis added]...cultural heritage should not be a prohibited basis for departure."[6] Defendant does not speak, read or write English and does not have the tools necessary to fully appreciate the consequences of his actions in the context of the United States' justice system. He has not attended any schooling in the United States.[7] He came to the United States in the hopes of creating more opportunity to provide for the financial support of his family. Defendant has limited earning capacity and has decided to involve himself with an illegal activity without being fully aware of the extent of the repercussions of such activity.

The court should depart downward if Defendant's incarceration would have an astonishingly negative impact on innocent family members.[8] Courts have long considered that extraordinary family concerns alone can mitigate the harsh effects of the sentencing guidelines.[9] Defendant has three children residing in the United States who depend on him for support. Secondly, his current girlfriend and her two children also rely on defendant for contribution of support. Furthermore, Defendant has family in the Dominican Republic, including his mother and siblings, who need his help. Incarcerating defendant for a more extensive time period would only delay the financial support that defendant could offer his family and loved ones. Although Defendant is now detained and his loved ones are suffering emotionally and financially, they still remain supportive of him.

---

[6] *United States v. Guzman*, 236 F.3d 830 (7th Cir. 2001).
[7] Paragraph 44 of the PSR.
[8] *United States v. Tineo*, 2000 WL 759837 (S.D.N.Y. June 8, 2000).
[9] *United States v. Sclamo*, 997 F.2d 970 (1st Cir. 1993).

Besides creating a negative impact on the financial support of his family, incarceration would also ruin an otherwise strong family unit. Defendant prays that he would be given a chance to resume participating in the upbringing of his children and be a part of the life of his girlfriend and her two children again. "Causing needless suffering of young children does not promote the ends of justice."[10]

Although Defendant has already been granted an adjustment for acceptance of responsibility, defendant should be granted downward departure because he has shown great remorse to an exceptional degree. See Letter of Acceptance of Responsibility attached to the Presentence Report.

Even if the specific factors, when taken alone, do not warrant departure, a totality of the circumstances consideration may do so if it takes the case out of the heartland. Because Defendant's Criminal History of VI overemphasizes the seriousness of his criminal history and the facts of this case takes it outside of the typical reentry after deportation guideline, defendant should be granted downward departure.

WHEREFORE, and for the aforementioned reasons, it is respectfully requested that defendant's motion for downward departure be granted.

Respondent reserves the right to supplement this memorandum.

Respectfully submitted,
By His Attorney,

Martin D. Harris, Esq. #3167
132 Dorrance Street
Providence, RI 02903
(401) 273-4990

---

[10] *United States v. Blackwell*, 897 F.Supp. 586, 588 (D.D.C. 1995).

**CERTIFICATION**

I, the undersigned, do hereby certify that on the 16th day of December 2005, I caused to mailed a true copy of the within to Mr. Zechariah Chafee, Esq., U.S. Attorney Office, 50 Kenedy Plaza 8th floor, Providence, RI 02903 and United States Probation, 2 Exchange Terrace, 3rd Floor, Providence, RI 02903.