**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**DISTRICT COURT**
**SIXTH DIVISION**

**ALFREDO MENDEZ**

**VS.**

**MP:**
**Criminal Case # 61-2000-15992**

**STATE OF RHODE ISLAND**

**APPLICATION FOR POST CONVICTION RELIEF PURSUANT TO SECTION 10-9.1 ET SEQ. OF RHODE ISLAND GENERAL LAWS**

Alfredo Mendez, (hereinafter referred as the petitioner), first being duly sworn upon oath, represents unto your Honorable Court, by and through counsel as follows:

1. That your petitioner stands convicted of certain charges as brought forth in the Providence County, Superior Court by way of criminal complaint. That on or about September 26, 2000, the defendant came before **Honorable Justice Michael Higgins** and plead nolo contendere as charged to: Count I: obstructing a police officer and received: suspended, 1 year; probation, 1 year; and court costs. A copy of the docket sheet and related disposition is attached hereto.

2. Because your petitioner has no direct right of appeal from the sentence imposed, no such appeal was lodged, and accordingly, your petitioner has exhausted all state appellate remedies available and provided to and pursuant to the Rhode Island Rules of Criminal Procedure and its state statutory and constitutional provisions.

3. That you petitioner invokes this Court's juistiction over the instant matter pursuant to Tiltle Ten Chapter 9.1 of the R.I.G.L as ammended, and as set forth in and pursuant to Title Ten chapter 9.1 of the R.I.G.L as amended.

4. That the entry and imposition of sentence herein was in violation of the Constitution Laws of the United States and the Constitution and Laws of the State of Rhode Island.

5. Specifically, and without limitation, your petitioner was an alien resident of the United States who was sentenced upon a plea of nolo contendere without first being advised of the immigration consequences as required under R.I.G.L. 12-12-22. That your petitioner invokes the Court's jurisdiction over the instant matter pursuant to Title 12, Chapter 12, Section 22 of the R.I.G.L, as amended.

6. That your petitioner did not understand nor was he explained the significance of the rights he was waiving or that he had options otherwise available to him.

7. Said conviction should be vacated since it was imposed based on a plea that was not a knowing, intelligent and voluntary waiver of defendant's constitutional rights.

8. Your petitioner prays, therefore, that he was denied the following statutory and constitional protections and rights:

A) Right to be adequately apprised of immigration consequences pursuant to statute;
B) Right to speedy and public trial;
C) Right to a presumption of innocence;
D) Right to maintain and secure an appeal, if necessary;
E) Right to confront and cross examine his accusers;
F) Right to effective assistance of counsel.

9. That the foregoing rights were denied your petitioner throughout the course of the pendency of these proceedings against him.

10. That these rights were secured to the petitioner under the Fifth and Sixth Amendment to the United States Constitution as made applicable to the States through the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and that such sentence and conviction were imposed in violation thereof.

11. Further, respondent, State of Rhode, offered your petitioner analog state constitutional protections pursuant to the provisions of Article 1, Sections 10 and 14 of the Rhode Island Constitution, of which protections your petitioner, through his conviction, and sentences likewise was deprived.

12. The further, such sentence and convictions should be vacated in the interest of justice.

WHEREFORE, your petitioner requests and prays that the respondents, State of Rhode Island, show cause before the Honorable Court as to why the plea and conviction herein not be vacated and the petitioner afforded his right to trial on the criminal information, in accordance with law.

X Alfredo Mendez
PETITIONER,
ALFREDO MENDEZ

9/1/05
DATE

STATE OF RHODE ISLAND
PROVIDENCE, SC

Acknowledged ~~Subscribed~~ and sworn to before me by , ALFREDO MENDEZ, under the pains and penalties of perjury, on the 8th day of September 2005.

Emili Vazquez
Notary Public
My Commission Expires: 11/08

PETITIONER,
By his Attorney,

Martin D. Harris, Esquire
132 Dorrance Street
Providence, RI 02903
RI Reg.#3167
(401) 273-4990

**CERTIFICATION**

I, the undersigned hereby certify that on the 8th day of September 2005, I caused to be mailed a true and correct copy of the within Motion to the Attorney General's Office, Civil Division, 150 South Main Street Providence, RI 02903.

# Exhibit List

1. Banner for September 26, 2000 conviction
2. Title 10 § 10-9.1-1
3. Title 12 § 12-12-22
4. Machado v. State, 839 A.2d 509 (R.I. 2003)

*** NOT AN OFFICIAL DOCUMENT ***

**Case ID:** 61-2000-15992
**Docket Search Start Date:**
**Docket Search Ending Date:**

## Case Description

**Case ID:** 61-2000-15992 - ALFREDO MENDEZ

**Court :** (DC) District Court **Location :** (6D) 6TH DISTRICT COURT

**Filing Date:** Tuesday , September 26th, 2000
**Type:** M - MISDEMEANOR
**Status:** DNA - DEFT DOES NOT APPEAR

## Arrest Information

**Arresting Agency :** RHODE ISLAND STATE POLICE CHEPACHET BARRACKS

## Charges

| Charge# | Charge | Disposition / Date | Sentence / Judge |
|---|---|---|---|
| 1 | OBSTRUCT POLICE OFFICER | PLEA OF NOLO CONTENDERE<br><br>26-SEP-00 | SUSPENDED 1 Year HIGGINS,JUDGE<br><br>PROBATION 1 Year HIGGINS,JUDGE<br><br>COURT COSTS HIGGINS,JUDGE |

## Case Event Schedule

| Event | Date | Location | Judge |
|---|---|---|---|

| | | | |
|---|---|---|---|
| ARRAIGNMENT | 26-SEP-2000 | 6TH DISTRICT COURT | HIGGINS, JUDGE |
| ABILITY TO PAY COSTS | 03-OCT-2000 | 6TH DISTRICT COURT | *unassigned* |
| ABILITY TO PAY COSTS | 09-NOV-2000 | 6TH DISTRICT COURT | *unassigned* |
| ABILITY TO PAY COSTS | 12-DEC-2000 | 6TH DISTRICT COURT | *unassigned* |

## Case Parties

| Type | ID | Name | Aliases |
|---|---|---|---|
| DEFENDANT | 09103667 | **MENDEZ, ALFREDO** | MENDEZ, ALFREDO A |

## Attorneys

*No Attorneys were found.*

## Docket Entries

| Description | |
|---|---|
| 26-SEP-2000 | COMPLAINT FILED |
| 26-SEP-2000 | DISPOSED/SENTENCED |
| 03-OCT-2000 | DEFT TO MAKE FURTHER PAYMENTS |
| 09-NOV-2000 | CONTINUED FOR FURTHER HEARING |
| 12-DEC-2000 | DEFT DOES NOT APPEAR |
| 06-JAN-2001 | WARRANT ISSUED |

# TITLE 10
# Courts and civil procedure–Procedure in particular actions

## CHAPTER 10-9.1
## Post Conviction Remedy

### SECTION 10-9.1-1

**§ 10-9.1-1 Remedy – To whom available – Conditions. –** (a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:

(1) That the conviction or the sentence was in violation of the constitution of the United States or the constitution or laws of this state;

(2) That the court was without jurisdiction to impose sentence;

(3) That the sentence exceeds the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;

(4) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) That his or her sentence has expired, his or her probation, parole, or conditional release unlawfully revoked, or he or she is otherwise unlawfully held in custody or other restraint; or

(6) That the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute, without paying a filing fee, a proceeding under this chapter to secure relief.

(b) This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

# TITLE 12
# Criminal Procedure

## CHAPTER 12-12
## Indictments, Informations and Complaints

### SECTION 12-12-22

§ 12-12-22 **Arraignments and Pleas – Notices to aliens.** – (a) At the time of criminal arraignment in the district or superior court, each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status. Failure to so inform the defendant at the arraignment shall not invalidate any action subsequently taken by the court.

(b) Prior to accepting a plea of guilty or nolo contendere in the district or superior court, the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement.

(c) If the court fails to so inform the defendant as required by this section, and the defendant later shows that his plea and conviction may have immigration consequences, the defendant shall be entitled, upon a proper petition for post-conviction relief, to have the plea vacated. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not have received the advisement.

(d) The defendant shall not be required at the time of the plea to disclose to the court his or her legal status in the United States.

(e) In the first week of January, 2001 and each year thereafter, the attorney general shall submit to the general assembly a list of cases in which a disposition was vacated pursuant to this section.

C

Supreme Court of Rhode Island.

Antonio MACHADO
v.
STATE of Rhode Island.

No. 2002-474-C.A.

Nov. 26, 2003.

**Background:** Following his convictions, on pleas of nolo contendere, of felony breaking and entering and two misdemeanors, applicant sought post-conviction relief. The Superior Court, Providence County, Gilbert V. Indeglia, J., denied application, and applicant appealed.

**Holdings:** The Supreme Court held that:
(1) neither plea colloquy nor defense counsel's statement that he had advised defendant of deportation consequence of his plea was sufficient to satisfy statutory advisement requirement, and
(2) defendant was statutorily entitled to withdraw his plea.
Reversed; judgment vacated; matter remanded.

West Headnotes

**[1] Criminal Law ⟹275**
110k275 Most Cited Cases
Neither plea court's colloquy with noncitizen defendant prior to accepting defendant's plea of nolo contendere to felony breaking and entering and two misdemeanors, in which court informed defendant that "this [plea] may have some effect upon what happens with the immigration service[,]" nor defense counsel's statement that he had advised defendant of deportation consequence of his plea, was sufficient to satisfy statutory requirement that court inform defendant before accepting plea that specific immigration consequences thereof could include deportation, exclusion, or denial of naturalization. Gen.Laws 1956, § 12-12-22(b).
**[2] Criminal Law ⟹1139**
110k1139 Most Cited Cases
Supreme Court reviews issues of statutory interpretation de novo.
**[3] Statutes ⟹188**
361k188 Most Cited Cases
When the language of a statute is clear and unambiguous, a construing court must enforce the statute as written by giving the words of the statute their plain and ordinary meaning.
**[4] Criminal Law ⟹273.1(4)**
110k273.1(4) Most Cited Cases
Possibility of deportation is only a collateral consequence of a plea, and not a direct consequence.
**[5] Criminal Law ⟹275**
110k275 Most Cited Cases
Noncitizen defendant was statutorily entitled to withdraw his plea of nolo contendere to felony breaking and entering and two misdemeanors, where statutory requirement that court inform defendant that specific immigration consequences thereof could include deportation, exclusion, or denial of naturalization was not satisfied, defendant was afforded no additional time to consider his plea after such advisement as was provided, and defendant showed that he was facing immigration proceedings for deportation. Gen.Laws 1956, § 12-12-22(b, c).
**[6] Aliens ⟹53.6(2)**
24k53.6(2) Most Cited Cases
**[6] Aliens ⟹62(5)**
24k62(5) Most Cited Cases
Once deported, aliens may be denied reentry and naturalization; some deported persons may be barred from reentry for a period of years, the length of which varies depending on the circumstances Immigration and Nationality Act, § 212(a)(9)(A)(i, ii), 8 U.S.C.A. § 1182(a)(9)(A)(i, ii).
**[7] Criminal Law ⟹273.1(4)**
110k273.1(4) Most Cited Cases
Advisement of deportation consequences of a plea alone does not adequately warn a noncitizen defendant of the other two immigration consequences of a plea, namely, exclusion of admission to the United States, or denial of naturalization. Gen.Laws 1956, § 12-12-22(b).
**[8] Criminal Law ⟹273.1(4)**
110k273.1(4) Most Cited Cases

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Trial court is not required to recite verbatim the warnings contained in the statute requiring that a noncitizen defendant be informed of the specific immigration consequences of a plea; although better practice would be to read the statutory language to the defendant, substantial, not strict, compliance will satisfy the statute's mandate. Gen.Laws 1956, § 12-12-22.

**[9] Criminal Law ⚡273.1(4)**
110k273.1(4) Most Cited Cases
**[9] Criminal Law ⚡275**
110k275 Most Cited Cases
Neither a generalized reference to potential immigration consequences nor an advisement of deportation alone gives adequate notice to an alien defendant of the possibility of exclusion or denial of naturalization following the entry of a plea of guilty or nolo contendere. Gen.Laws 1956, § 12-12-22.

*510 Damon D'Ambrosio, Esq., for Plaintiff.

Jane M. McSoley, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

**OPINION**

PER CURIAM.

The applicant, Antonio Machado (Machado), appeals from the Superior Court judgment denying his application for post-conviction relief. Machado argues that the trial justice committed error by not properly apprising him of the extent of possible immigration consequences before accepting his plea of nolo contendere, and that this error therefore required the court to vacate his plea.

This case came before the Supreme Court for oral argument on October 8, 2003, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time.

On July 27, 2000, Machado entered nolo contendere pleas to one felony (breaking and entering) and two misdemeanors. The trial justice warned Machado that because he was a resident alien, his plea might have "some effect upon what happens with the immigration service." During the hearing, Machado's trial counsel said that he had explained to his client that an alien entering a plea faces the possibility of deportation. Machado was sentenced to fifteen years at the Adult Correctional Institutions, with three years to serve, twelve years suspended and twelve years *511 probation on the felony charge, and was sentenced to one year suspended, one year of probation, to be served concurrently, on each of the two misdemeanors. On August 22, 2001, Machado filed an application for post-conviction relief in which he asserted that his plea should be vacated because the trial justice failed to inform him of the possible immigration consequences of his plea as required by G.L.1956 § 12- 12-22. The application was denied and Machado timely filed a notice of appeal.

The date of Machado's plea is significant; only one week before the plea, on July 20, 2000, certain amendments to § 12-12-22 became effective. Of particular import to Machado are subsections (b) and (c) of § 12-12-22 which provide:

"(b) Prior to accepting a plea of guilty or nolo contendere in the district or superior court, the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Upon request, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of this advisement.

"(c) If the court fails to so inform the defendant as required by this section, and the defendant later shows that his plea and conviction may have immigration consequences, the defendant shall be entitled, upon a proper petition for post-conviction relief, to have the plea vacated. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not [to] have received the advisement." Section 12-12-22, as amended by P.L.2000, ch. 501, § 1.

The record reveals that when Machado appeared before the court on July 27, 2000, his trial counsel

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

informed the court that he had reviewed the plea form with Machado, saying "My client doesn't read English so I thought it best to read on the record what I have explained to him relative to the form that's just been submitted to your Honor." Trial counsel later said:

"I have explained to him inasmuch as he is a resident of this country, a resident alien, that the form does contain a provision which says that the Court or I cannot guarantee that the INS will not take independent action of this sentence, namely deportation. I have explained to him that that's a distinct possibility given the current INS regulations and the way they are enforcing them, and he understands that as well."

In conformity with Rule 11 of the Superior Court Rules of Criminal Procedure, the trial justice addressed Machado personally and carefully reviewed the rights that he was asking to waive and the recommended sentence. After determining that Machado had dropped out of school at a young age and therefore would have difficulty reading the plea form, the trial justice said, "Let's go through the form together so we can both be satisfied you understand what rights you will be giving up today."

Subsequently, the following colloquy took place:

"THE COURT: You also understand that because of the fact that you are a resident alien here that this may have some effect upon what happens with the immigration service. Do you understand that?

"THE DEFENDANT: Yes, your Honor.

"THE COURT: Your lawyer explained all that to you?

*512 "THE DEFENDANT: Yes, your Honor.

"THE COURT: Is there anything that you wish to say at this time?

"THE DEFENDANT: No, your Honor."

[1] The issue before this Court is whether the trial court's pre-plea inquiry satisfied the command of the statute that "the court shall inform the defendant that if he or she is not a citizen of the United States, a plea of guilty or nolo contendere may have immigration consequences, including deportation, exclusion of admission to the United States, or denial of naturalization * * *." Section 12-12-22(b).

[2][3] This Court reviews issues of statutory interpretation *de novo*. *State v. Fritz,* 801 A.2d 679, 682 (R.I.2002) (citing *Rhode Island Depositors Economic Protection Corp. v. Bowen Court Associates,* 763 A.2d 1005, 1007 (R.I.2001)). When the language of a statute is clear and unambiguous, we must enforce the statute as written by giving the words of the statute their plain and ordinary meaning. *In re Chaselle S.,* 798 A.2d 892, 894 (R.I.2002) (per curiam) (citing *Cummings v. Shorey,* 761 A.2d 680, 684 (R.I.2000)).

Before the July 20, 2000 amendment to § 12-12-22 , the statute required only that, at the time of criminal arraignment, "each defendant shall be informed that if he or she is an alien in the United States, a plea of guilty or nolo contendere may affect his or her immigration status." Section 12-12-22. Effective July 2000, the General Assembly amended § 12-12-22 to require that the court inform the defendant before accepting a plea that the specific immigration consequences may include deportation, exclusion of admission to the United States, or denial of naturalization pursuant to the laws of the United States. Section 12-12-22(b). The amended statute also specifies that failure to inform a defendant shall entitle the defendant to have the plea vacated upon proper application for post-conviction relief. Section 12-12- 22(c).

[4] We have held that a trial justice need not "explore every possible consequence of a plea in order for the plea to be voluntary." *State v. Desir,* 766 A.2d 374, 377 (R.I.2001) (per curiam). As the possibility of deportation is only a collateral consequence, and not a direct consequence, we also previously have held that it need not be addressed with a defendant upon acceptance of a guilty or nolo contendere plea. *Id.* at 376; *State v. Alejo,* 655 A.2d 692, 692 (R.I.1995) (mem.); *State v. Figueroa,* 639 A.2d 495, 499 (R.I.1994). In *Desir,* we noted the enactment of the 2000 amendments to § 12-12-22, but stated that because the amended statute was not in effect at the time of the defendant's plea, it was not applicable to him. *Desir,* 766 A.2d at 376 n. 1.

The language of § 12-12-22(b), as amended, however, is clear and unambiguous and requires no further interpretation. It places an affirmative duty on a trial court to warn a noncitizen defendant of three specific potential immigration consequences

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of his or her plea.

Deportation, exclusion, and denial of naturalization are three distinct immigration procedures. The statute "incorporates several distinct terms of art from immigration law. 'Deportation is the removal or sending back of an alien to the country from which he or she has come * * *.' 'Exclusion' is 'being barred from entry to the United States.' 'Naturalization' is a process by which an eligible alien, through petition to appropriate authorities, can become a citizen of the United States." *Slytman v. United States*, 804 A.2d 1113, 1116 n. 7 (D.C.2002) (quoting *People v. Zamudio*, 23 Cal.4th 183, 96 Cal.Rptr.2d 463, 999 P.2d 686, 702 (2000)).

*513 [5][6] Machado now says he is facing immigration proceedings for deportation. Once deported, aliens may be denied reentry and naturalization. Some deported persons may be barred from reentry for a period of years, the length of which varies depending on the circumstances. 8 U.S.C. § 1182(a)(9)(A)(i) and (ii). The General Assembly, by amending § 12-12-22, clearly intended that trial justices warn noncitizens of these serious consequences before they accept a plea of guilty or nolo contendere. Significantly, the amended statute requires that the court grant a defendant additional time to consider his or her plea after receiving the advisements. Section 12-12-22(b)

.

The state contends that the trial justice was not "required to track exactly the language of the amendment to § 12-12-22," and that the court sufficiently warned Machado of potential immigration consequences to meet the prophylactic intent of the amendment. The state's argument is one week late and two warnings short.

[7] The plain and clear language of § 12-12-22 requires the court to inform a noncitizen defendant of "deportation, exclusion of admission to the United States, or denial of naturalization." An advisement of deportation alone does not adequately warn a defendant of the other two immigration consequences.

The intent of the General Assembly to place a defendant on sufficient notice of the potential immigration consequences of his or her plea is further manifested by the provision that requires the court, upon request, to allow the defendant additional time to consider "the appropriateness of the plea in light of [the] advisement." Section 12-12-22(b). Moreover, the statute requires that the plea be vacated if the court fails to inform the defendant and the defendant can show later that the plea and conviction may have immigration consequences. Section 12-12-22(c).

[8][9] We do not read the amended statute as requiring a trial justice to recite the warnings of § 12-12-22, [FN1] verbatim. Although better practice would be to read the statutory language to the defendant, substantial, not strict, compliance will satisfy the statute's mandate. However, neither a generalized reference to potential immigration consequences nor an advisement of deportation alone gives adequate notice to an alien defendant of the possibility of exclusion or denial of naturalization. [FN2]

FN1. The amendments to G.L.1956 § 12-12-22 as enacted by P.L.2000, ch. 501 contained an expiration date of January 15, 2003. This sunset provision was repealed by P.L.2003, chs. 1 and 2.

FN2. We note that the plea form currently utilized by the Superior Court does not enumerate the three specific immigration consequences.

Here, the trial justice specifically warned Machado only that his plea "may have some effect upon what happens with the immigration service," and trial counsel indicated that he had explained only one of the three enumerated consequences, albeit the most severe consequence, deportation. We find that the admonishments given to Machado were not in substantial compliance with the clear mandate of § 12-12-22(b). They failed to convey the important message specified by the General Assembly that a plea of nolo contendere or guilty could have three very serious and specific immigration implications. Although the warnings by the trial justice and counsel would have been sufficient before July 20, 2000, they clearly did not satisfy the requirement of the amendment that became effective on that date.

*514 We therefore reverse the trial court's denial of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Machado's application for post-conviction relief, vacate the judgment, and remand the case to the Superior Court.

839 A.2d 509

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.