# United States Court of Appeals
## For the First Circuit

---

No. 06-1635

UNITED STATES,

Appellee,

v.

ALFREDO MENDEZ,

Defendant, Appellant.

---

Before

Lipez, Circuit Judge,
Selya, Senior Circuit Judge,
and Howard, Circuit Judge.

---

JUDGMENT

Entered: July 9, 2008

Defendant-appellant Alfredo Mendez, a convicted felony drug offender, challenges the sentence imposed upon him for illegal re-entry into the United States on the basis of the district court's failure to take into account the comparative sentencing disparity caused by early disposition, or 'fast track', programs operative in other jurisdictions. This challenge, the substance of which was addressed, adversely, by the district court at the time of sentencing, is in accord with our recent decision in United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008).

The district court's careful consideration of the relevance of possible fast-track disparities was more than mere 'rumination' or 'musing.' The initiative the court took on the issue preserved it for our appellate review, and we test it according to the 'harmless error' standard, rather than the 'plain error' standard. See United States v. Martins, 413 F.3d 139, 153 (1st Cir. 2005). In light of Rodriguez, we cannot call the district court's rejection of fast-track disparity as a potentially relevant sentencing

consideration a harmless error.

We express no view on the range of sentences that might be deemed reasonable in this case, and we express no view on whether there are any actual disparities, relevant to this case, between the District of Massachusetts and other jurisdictions that have early disposition programs. We hold only that Mendez is entitled to a new sentencing proceeding in which the overarching 'parsimony' principle informs the district court's evaluation of the "entire constellation" of section 3553(a) factors, free of the constraint that would categorically exclude the possibility of fast-track disparities from the set of relevant considerations. See Rodgriguez, supra, 527 F.3d at 227-228.

The judgment of conviction is **affirmed** but the defendant-appellant's sentence is **vacated** and the case is **remanded** for resentencing.

By the Court:

/s/ Richard Cushing Donovan, Clerk.

[cc: Donald Lockhart, Zack Chafee, Michael Sheehan]